UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 0:13-143-DLB

ASHLAND HOSPITAL CORPORATION
d/b/a King's Daughters Medical Center,					PLAINTIFF,

V.					**OPINION AND ORDER**

RLI INSURANCE COMPANY,						DEFENDANT.

\*\*\*\* \*\*\*\*\* \*\*\*\*\*

This matter is before the undersigned on Plaintiff Ashland Hospital Corporation d/b/a King's Daughter's Medical Center's ("KDMC") Motion for Protective Order Temporarily Staying Discovery. [R. 48]. Therein, KDMC requests that this Court enter a protective order staying discovery pending disposition of the parties' cross-motions for summary judgment. [See Rs. 28, 40]. Defendant, RLI Insurance Company ("RLI"), opposes the motion. This Court previously entered an emergency stay of discovery [R. 54] pending resolution of KDMC's motion for a protective order. For the reasons that follow, KDMC's Motion for Protective Order Temporarily Staying Discovery [R. 48] is DENIED and the court-imposed emergency stay of discovery is lifted.

I.  INTRODUCTION

A.  Factual Background

On July 25, 2011, the United States Department of Justice issued a subpoena to KDMC as part of an investigation of the hospital and several of its doctors under the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). [R. 1 at ¶ 1]. At that time, KDMC maintained a policy of liability insurance with the Darwin National Assurance Company ("Darwin")

with limits of $15 million. [R. 28-1 at 5]. Darwin determined that its insurance policy covered KDMC's costs of defending against the government's HIPAA investigation. [R. 28-1 at 5]. Darwin has since paid KDMC the full $15 million limit of its policy. [R. 28-1 at 6].

In addition to the Darwin policy, KDMC also maintained an excess insurance policy with RLI at the time the government commenced its HIPAA investigation of the hospital. [R. 28-12]. RLI's policy provided an additional $10 million of insurance coverage to the hospital to be paid only in the event that the liability limits of the underlying Darwin policy were exhausted. [R. 28-12]. Notably, the RLI insurance policy contained a notice condition requiring KDMC to notify it in writing if certain events occurred.[1]

On June 29, 2012, KDMC gave written notice to RLI that the hospital had provided Darwin with notice of the HIPAA investigation. [R. 28-15]. In response, RLI denied coverage for KDMC's HIPAA claim on the grounds that KDMC failed to give RLI notice within thirty days of giving notice to Darwin. [R. 28-16]. Following RLI's denial of coverage, KDMC commenced the present action. KDMC's complaint asserts claims for breach of contract, declaratory relief under 28 U.S.C. § 2201, common law bad faith, and bad faith under the Kentucky Unfair Claims Settlement Practices Act, K.R.S. § 304.12-230. [R. 1 at ¶ 31-52].

---

[1]The notice condition in the RLI excess policy provides, in pertinent part:

> The Insureds shall, as a condition precedent to exercising their rights under this Policy, give the Insurer written notice of any of the following events as soon as practicable, but in no event later than thirty (30) days after such event:
> (a) the alteration or cancellation of any Underlying Insurance;
> (b) any notice by the Unsured under any Underlying Insurance;
> (c) any additional or return premiums charged or paid in connection with any Underlying Insurance; and
> (d) the exhaustion of the limit of liability under any Underlying Insurance.

[R. 28-12].

On July 15, 2014, KDMC filed its Motion for Partial Summary Judgment. [R. 28]. In the motion, KDMC maintains that it timely complied with the notice condition in RLI's policy. [R. 28-1 at 12-14]. KDMC also contends that, in any event, RLI may not disclaim coverage on the basis of late notice because RLI has not alleged that it suffered substantial prejudice as the result of late notice. [R. 28-1 at 14-17]. Further, KDMC asserts that RLI could not deny coverage on the basis of notice being provided outside of the policy period because KDMC purchased back-to-back policies, which provided continuous coverage. [R. 28-1 at 23-25].

In its competing Motion for Summary Judgment, RLI maintains that KDMC's breach of contract and declaratory judgment claims fail as a matter of law because KDMC did not give notice as required by the contract. [R. 38 at 20-23]. RLI further asserts that KDMC's non-compliance with the notice condition bars coverage without regard to whether prejudice can be shown. [R. 38 at 23-33]. RLI also contends that, if the Court finds it must show prejudice in order to defeat coverage on the basis of late notice, KDMC's motion must be denied so RLI can conduct discovery into the prejudice it incurred by virtue of receiving late notice. [R. 38 at 33-34]. Additionally, RLI argues that KDMC's bad faith claims must fail because it has put forth no evidence that RLI acted with intentional misconduct or reckless disregard in denying KDMC's policy claim. [R. 38 at 35-36].

### B. Applicable Law

Federal Rule of Civil Procedure 26(c)(1) provides that this Court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). To determine whether a stay is appropriate, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." Bowens v. Columbus Metro. Library

3

Bd. of Trs., No. 2:10-cv-219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010). "When a party seeks a stay, rather than a prohibition, of discovery, the burden upon the party requesting the stay is lighter than it would be if the party was seeking total freedom from such discovery." Id. (citing Marrese v. Am. Acad. of Orthopedic Surgeons, 706 F.2d 1488, 1493 (7th Cir. 1983). Limitation of discovery may be appropriate where claims are subject to dismissal "based on legal determinations that could not have been altered by further discovery." Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund, 349 F.3d 300, 304 (6th Cir. 2003) (internal citation and quotation marks omitted). Nonetheless, this Court retains broad discretion in determining whether to "stay discovery until preliminary questions which may dispose of the case are answered." Bangas v. Potter, 145 F. App'x 139, 141 (6th Cir. 2005) (citing Hahn v. Star Bank, 190 F.3d 708, 719 (6th Cir. 1999)).

## II. ANALYSIS

In its Motion for Protective Order Temporarily Staying Discovery [R. 48], KDMC contends that the central issue in the parties' summary judgment motions–whether RLI could legally deny coverage on the basis of late notice–has the potential to resolve the case. Further, KDMC argues that staying discovery is appropriate because the late notice argument presents a legal issue that can be decided as a matter of law. Moreover, KDMC asserts that the outstanding discovery requested by RLI has no bearing on the issues before the Court on the parties' cross-motions for summary judgment. Additionally, KDMC claims that RLI's requested discovery will raise attorney-client privilege issues and that it will waste time and resources.

In its opposition to KDMC's motion, RLI maintains that KDMC has not met its burden of showing good cause for a protective order. In support of its argument, RLI claims that its outstanding discovery requests are relevant to issues addressed in the parties' cross-motions for

4

summary judgment.

As a starting point in addressing the parties' arguments, the Court notes that the parties' contentions as to whether the late-notice issue is dispositive and whether further discovery is necessary require some consideration of the merits of the underlying cross-motions for summary judgment. Although the undersigned is determined to proceed cautiously in matters that touch upon the merits of potentially case-dispositive motions pending before the District Judge, the Court, nonetheless, afforded due consideration to KDMC's motion for stay because an order staying discovery may still be appropriate where "it is patent that the case lacks merit and will almost certainly be dismissed." Williams v. New Day Farms, LLC, No. 2:10-cv-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010); see Ohio Bell Tel. Co. v. Global NAPS Ohio, Inc., No. 2:06-cv-0549, 2008 WL 641252, at *2 (S. D. Ohio Mar. 4, 2008) (finding stay inappropriate where issues raised were "fairly debatable").

However, having reviewed KDMC's motion for stay and the parties' summary judgment motions, the Court does not find grounds to issue the stay requested by KDMC. To begin with, it is apparent that each issue in the parties' summary judgment motions is well-contested. Further, the Court finds that RLI has made a colorable argument that the discovery it seeks is related to the pending motions for summary judgment. Under these circumstances, it would be inappropriate for the Court to issue an order staying discovery based on the strength of arguably dispositive motions that are pending before the District Judge. See Williams, 2010 WL 3522397, at *2; Ohio Bell Tel., 2008 WL 641252, at *2.

In addition to finding that the potentially dispositive nature of the pending cross-motions for summary judgment does not justify a stay, the Court also concludes that a stay is unwarranted on the

5

basis of KDMC's arguments that RLI's outstanding discovery requests will impose unnecessary costs and involve attorney-client privilege issues. To begin with, KDMC has failed to show how those burdens are different from those faced by any party that files or contests a potentially case-dispositive motion. Further, to the extent that KDMC is concerned with attorney-client privilege issues arising during RLI's discovery, KDMC is free to move for a protective order at the time that RLI seeks discovery of protected matters. That is to say, today's order makes no pronouncement as to the validity of whatever attorney-client privilege issues may arise during discovery, and KDMC is free to oppose future requests by RLI that seek information KDMC believes is protected by the privilege.

### III. CONCLUSION

For the reasons stated above, KDMC's Motion for Protective Order Temporarily Staying Discovery [R. 48] is DENIED. Plaintiffs are free to seek discovery. Additionally, this Court's previous order granting an emergency stay [R. 54] in this matter is lifted.

Signed December 5, 2014.

**Signed By:**
*Edward B. Atkins* *EBA*
**United States Magistrate Judge**