**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 13-143-DLB-EBA**

**ASHLAND HOSPITAL CORPORATION**                              **PLAINTIFF**
**d/b/a King's Daughter Medical Center**

**vs.**                                **MEMORANDUM ORDER**

**RLI INSURANCE COMPANY**                                      **DEFENDANT**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

This is a dispute over a prevailing party's attempt to tax costs.  On March 17, 2015, the Court entered summary judgment in favor of Defendant RLI Insurance Company and denied summary judgment for Plaintiff Ashland Hospital Corporation. (Doc. # 80).  The Court incorporates by reference the facts as described in that Memorandum Opinion and Order.  In entering Judgment for RLI (Doc. # 81), the Court held that RLI did not have to provide insurance coverage for Ashland Hospital under an Excess Policy because Ashland provided late notice of its claim.  And as a matter of first impression, the Court further predicted that under Kentucky law, RLI did not have to show prejudice because the Excess Policy at issue was a claims-made policy that required notice within a time certain.  RLI subsequently filed a Bill of Costs (Doc. # 83), an Amended Bill of Costs (Doc. # 84), and Counsel's Declaration in Support (Doc. # 84-1), to which Ashland filed Objections (Doc. # 85).  RLI having filed a Response (Doc. # 87), this matter is ripe for review.

1

RLI requests $7,753.16 in costs to defend a lawsuit in which Ashland requested that the Court declare RLI was responsible for $10,000,000 in insurance coverage, as well as attorney's fees, pre- and post-judgment interest, and bad faith and punitive damages. (Doc. # 18).  Of RLI's requested fees, $7,481.78 is related to the depositions of three current or former Ashland employees: Travis Sanders, Amy Saunders and Shawn Conley. (Doc. # 48-1).  Ashland raises numerous arguments in seeking to have the Court reduce the costs related to these depositions.  Ashland is specifically asking that the Bill of Costs be reduced to $271.38.

## I.  APPLICABLE LAW

Federal Rule of Civil Procedure 54(d)(1) provides that "costs–other than attorney's fees–shall be allowed to the prevailing party."  This "language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)).  Rule 54(d)(1) costs "are confined to the costs itemized in 28 U.S.C. § 1920."  *In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007).  Section 1920 states that a court may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation for court appointed experts and interpreters, as well as costs for certain interpretative services.

2

As the non-prevailing party, Ashland has the burden "to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *White & White, Inc.*, 786 F.2d at 732 (quotation marks and citation omitted). The Sixth Circuit has identified the following as circumstances where a court may exercise its discretion to deny costs: (1) the taxable expenditures by the prevailing party are "unnecessary or unreasonably large"; (2) the prevailing party has "unnecessarily prolong[ed] the trial or "inject[ed] unmeritorious issues"; (3) the prevailing party's recovery is insignificant; and (4) in "close and difficult" cases. *Id.* at 730.[1]

## II. ANALYSIS

Ashland raises the following objections to RLI's Bill of Costs: (1) none of the depositions were necessary for the case; (2) RLI cannot recover costs for both the transcript and videotape of the depositions; (3) postage and delivery expenses for the depositions are not taxable; (4) copies of the depositions are not taxable; (5) the court reporters' and videographers' appearance fees and personal expenses are not taxable; (6) premiums for expedited services are not taxable; (7) court reporter fees are not recoverable; and (8) fees for deposition exhibits are not taxable.

### 1.      Are any of the deposition costs recoverable?

Ashland lodges an initial across-the-board attack against all deposition costs, arguing that the depositions were not necessary for the case. (Doc. # 85 at 3-4). It cites *Hall v. Ohio Education Association*, 984 F.Supp. 1144, 1146 (S.D. Ohio 1997), in

---

1)  By prior Order, and in the interests of judicial economy, the Court denied Ashland's request to delay an award of costs until the conclusion of its appeal. (Doc. # 86 citing *Banks v. Bosch Rexroth Corp.*, No. 5:12-345-DCR, 2014 WL 4384463, at *3 (E.D. Ky. Sept. 3, 2014) *aff'd*, No. 14-6115, 2015 WL 2110649 (6th Cir. May 6, 2015)).

3

suggesting that the depositions were merely used for investigatory purposes and are therefore not recoverable.  Ashland points out that the three depositions were all taken after RLI filed for summary judgment, noting that Sanders' deposition in particular was taken after the summary judgment briefing was complete.  (*Id.* at 4).

"Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party."  *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989).  Particularly relevant here, "[n]ecessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling."  *Id.* Indeed, it is routine for courts to tax the costs of depositions used in summary judgment motions that ultimately resolve the case without the need for a trial.  *See Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 502 F. App'x 523, 543-44 (6th Cir. 2012) (affirming an award of costs for deposition transcripts that were used for a summary judgment motion that ultimately led to a dismissal of all claims because the depositions went to the "core of" the plaintiff's claims and were "critical" to the defendant's defense); *Banks*, 2015 WL 2110649, at *1-2 (affirming a tax on deposition costs used at summary judgment and not at trial).

The three depositions RLI took in this case were either reasonably necessary for its Reply brief, or were reasonably necessary at the time they were taken in anticipation of a potential trial.  First, Amy Saunders was Ashland's Rule 30(b)(6) corporate designee and testified to Ashland's understanding of the Excess Insurance Policy at issue in this case. RLI cited to her testimony in its Reply brief in an attempt to establish that Ashland understood the notice provisions in the Excess Policy, that the notice provisions were unambiguous, that nothing prevented Ashland from complying with the notice provisions,

4

and that Ashland used a broker to negotiate the Excess Policy's terms. (Doc. # 75 at 7-11, 14). Second, Shawn Conley signed Ashland's letter giving RLI late notice of the claim for which Ashland sought coverage. His deposition testimony centered on the reasons Ashland did not provide notice sooner and, like Saunders' testimony, was also cited in RLI's Reply brief. (*Id.* at 11-12). These depositions were relevant and reasonably necessary to resolving critical issues presented by the parties' cross-motions for summary judgment: Was notice of the claim required?, Was notice late?, Were the notice provisions ambiguous?, Was the Excess Policy a contract of adhesion?.

Ashland makes a more specific objection to Travis Sanders' deposition, pointing out that he was not deposed until after summary judgment briefing was complete. Sanders personally received several letters from Marsh (Ashland's insurance broker) that summarized how the notice provisions operated. He was also copied on pre-litigation correspondence Ashland sent RLI regarding coverage. (Docs. # 76-2,3,4,5 and 28-20). For example, Marsh sent Sanders a September 30, 2010 letter in which it informed him that the RLI policy "will only cover claims first made against the Insureds during the Policy period or the Extended reporting Period (if purchased) and Reported to the carrier within the time provision allocated in the policy." (Doc. 76-3). This statement basically summarizes RLI's stance throughout this litigation, and these letters are cited in RLI's Reply brief. (Doc. # 75 at 8 n.3).

Summary judgment briefing may have been complete at the time RLI chose to depose Sanders–but the Court had not yet ruled on the motions. Thus, there was still the potential for a trial on whether RLI was prejudiced by the late notice, as well as Ashland's bad faith claims (and there still is based on Ashland's appeal). Again, the necessity of a

5

deposition "is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales*, 873 F.2d at 120.  RLI's decision to depose Sanders, whether it produced fruitful information or not, was certainly reasonable and necessary at the time it was taken in anticipation of trial.  Because all three depositions were necessarily obtained for use in this case, they are taxable.

### 2. Is RLI permitted to recover costs for both the transcripts and videotapes of the depositions?

RLI seeks $972.50 for videotaping Sanders' deposition, and $1,385.96 for videotaping Saunders' deposition.  (Doc. # 84-1).  Ashland contends that these costs are not recoverable because RLI also requests stenographic transcription costs for their depositions.  It cites *Riddle v. First Tennessee Bank, N.A.*, 2011 WL 6740334, at *2 (M.D. Tenn. Dec. 20, 2011), in arguing that a party may recover for stenographic transcription *or* videotaping, but not both.  (Doc. # 85 at 4).

The district court in *Riddle* indeed held that a party may not recover stenographic transcription and videotaping costs for the same deposition.  2011 WL 6740334, at *2.  The court relied on district courts from other circuits as well as the 2008 amendments to 28 U.S.C. § 1920(2), which allows for recovery of fees "for printed *or* electronically recorded transcripts necessarily obtained for use in the case."  (emphasis added).  The Sixth Circuit Court of Appeals, however, has allowed for the taxation of both stenographic transcripts and videotaping for the same deposition.  *BDT Products, Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005), *abrogated on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 182 L. Ed. 2d 903 (2012).  And it has done so subsequent to the 2008 amendments to § 1920.  *Hyland v. HomeServices of Am., Inc.*, No.

6

3:05-CV-00612-TBR, 2013 WL 1904513, at *3 (W.D. Ky. May 7, 2013) ("In light of the Sixth Circuit's decision in *BDT Products, Inc. v. Lexmark International, Inc.* and the clear trend among federal courts, the Court will follow the prevailing practice of allowing taxation of both videotaped depositions and stenographic transcripts."), *aff'd*, 582 F. App'x 657 (6th Cir. 2014).

The Court will follow the Sixth Circuit Court of Appeals' guidance in adjudicating this issue. To be sure, another court in this district has recently relied on the above-mentioned case law in permitting a prevailing party to tax both stenographic and videotape costs for the same deposition. *Smith v. Joy Techs., Inc.*, No. 11-270-ART, 2015 WL 428115, at *5 (E.D. Ky. Feb. 2, 2015) (citing *BDT Prods., Inc*, 405 F.3d at 420). RLI avers that videotaping two depositions was necessary in this $10,000,000 case because it would allow them to more effectively impeach the witnesses at trial, as well as present testimony from an out-of-state witness if the need arose. (Doc. # 87 at 5). Such a situation was certainly possible here, because according to RLI, Sanders currently lives in Seattle, Washington. (*Id.* at 4). Finally, RLI makes the common sense argument that paper copies of the deposition were needed in addition to the videotape versions because the paper copies are valuable both in motion practice and at trial. The Court finding that a paper and video copy of Sanders' and Saunders' deposition was necessary for this case, Ashland's objection is overruled.

### 3.    Are postage and delivery expenses for the depositions taxable?

Ashland contends that $107.55 in postage and delivery expenses charged by the court reports, videographers and other related parties are not taxable. It cites *Hadix v. Johnson*, 322 F.3d 895, 899-900 (6th Cir. 2003) and *Doughty v. Tennessee Valley Towing,*

*Inc.*, No. CIV.A. 5:04CV-173-JH, 2007 WL 3071524, at *3 (W.D. Ky. Oct. 19, 2007) in support.  To be sure, the court in *Doughty* found that "[p]ostage is not a taxable cost because it is an administrative expense that represents the cost of doing business and is an expense generally incurred for a party's convenience." 2007 WL 3071524, at *3 (citation and quotation marks omitted).  RLI cites no contrary case law nor makes any argument as to why the postage and delivery expenses they have claimed were necessary in this case.  The Court will therefore deduct $107.55 from RLI's Bill of Costs.

### 4. Are the extra deposition copies taxable?

Ashland objects to RLI's efforts to collect $553.00 total for one copy of each deposition and $383.63 to "capture to MPEG" the two videotape depositions.  It contends that depositions transcripts are not taxable by citing to *Doughty*, 2007 WL 3071524, *2 and *United States v. MPM Fin. Grp., Inc.*, No. CIV.A. 04-20-JBT, 2005 WL 3021944, at *3 (E.D. Ky. Oct. 3, 2005).  Both cases do support Ashland's argument.  However, other district courts in this circuit, as well as several appellate courts, have taxed deposition copies.  *Joy Technologies, Inc.*, 2015 WL 428115, at *4; *Cunningham v. Target Corp.*, No. 3:06-CV-160, 2010 WL 1032772, at *2 (W.D. Ky. Mar. 17, 2010); *see, e.g.*, *Fogleman v. Arabian Am. Oil Co.*, 920 F.2d 278, 285 (5th Cir. 1991).  The Court agrees with the latter practice, as § 1920(4) permits fees "for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

RLI has persuasively argued that plus-one deposition copies were necessary here.  RLI was able to use the copies for note taking and summary judgment briefing, while maintaining an untouched original for trial.  Indeed, two of the depositions are cited in RLI's Reply brief and entered as exhibits.  (Docs. # 87 at 6; 75, 76); *Cunningham*, 2010 WL

1032772, at *2 ("The practicalities of preparing and submitting a motion for summary judgment that cites to depositions often require that an attorney has ready access to the transcripts and the ability to mark annotations and cross-references on the pages.").   On the other hand, although good reasons may exist, RLI has made no attempt to explain why an MPEG of the videotape depositions was necessary. This expense, totaling $383.63, will therefore be deducted from RLI's Bill of Costs.

### 5.   Are the court reporters' and videographers' personal expenses and attendance fees taxable?

Ashland objects to RLI's attempt to collect various fees and expenses paid to the court reporters and videographers. Specifically: (1) Sanders' deposition: $292.50 in "reporter attendance fees," and $20 for the videographer's parking; (2) Saunders' deposition: $150.00 in "reporter attendance fees," $142.24 mileage fee incurred by the court reporter, $100 travel and $139.70 mileage fee for the videographer; and (3) Conley's deposition: $142.24 mileage fee for the court reporter.  Ashland cites several cases from other circuits in submitting that these fees are not recoverable.  (Doc. # 85 at 7-8).

RLI counters by citing to *Colosi v. Jones Lang LaSalle Americas, Inc.*, 781 F.3d 293, 296 (6th Cir. 2015).  There, the Sixth Circuit upheld the taxation of a court reporter's attendance fee, partly because the fee was incurred as a result of the non-prevailing party cancelling the deposition at the last minute.  *Id.*  While *Colosi* is not on all fours with the facts here, the Sixth Circuit has allowed a court reporter's attendance fee to be taxed in another case, and in doing so made the unremarkable but true statement that a "court reporter's appearance fee is necessary to take a deposition."  *Arrambide v. Wal-Mart Stores, Inc.*, 33 F. App'x 199, 203 (6th Cir. 2002).  The *Arrambide* court concluded that a

9

court reporter's attendance fee is taxable by noting that "subsections (2) and (4) of § 1920 have been interpreted to authorize taxing as costs the expenses of taking, transcribing and reproducing depositions." *Id.* (quoting *Sales*, 873 F.2d at 120). District courts in this circuit have accordingly allowed court reporter attendance fees to be taxed. *See, e.g., Vander Boegh v. U.S.*, No. 5:08-CV-00150-R, 2011 WL 1106755, at \*4 (W.D. Ky. Mar. 23, 2011). Since the costs of videotaping a deposition are taxable, *BDT Products, Inc.*, 405 F.3d at 420, the Court sees no reason that a prevailing party cannot also recover a videographer's attendance fees.

The Court further finds that the mileage and parking fees are recoverable as substitute fees for the more general "appearance fee." For example, the court reporter charged $292.50 as an attendance fee for Sanders' deposition, but did not charge for mileage. (Doc. # 84-1). The same company then charged $150.00 for Saunders' and Conley's depositions, while charging an additional $142.24 for mileage. (*Id.*). Either way, the total ($292.50) remained the same. Meanwhile, the videographers did not charge a general attendance fee, but did charge for mileage, travel and parking. A prevailing party should not be punished because its court reporter or videographer delineated his or her expenses in lieu of changing a general appearance fee. Because the court reporters' and videographers' were necessary to take the depositions, and since the fees they charged to ensure their appearances were reasonable, the Court will allow RLI to recover those costs.

### 6.    Are the premiums for expedited services taxable?

Ashland objects to being billed for premiums charged to expedite the depositions. More specifically, Ashland contests the $590.07 charged to expedite Saunders' deposition,

the $421.47 charged to expedite Conley's deposition, and the $187.50 charged to "live note" Sanders' deposition.   (Doc. # 85 at 8).   A court has discretion whether to tax expedited services.   *See McKeown v. Hairston*, No. 05-73244, 2008 WL 2067015, at *2 (E.D. Mich. May 15, 2008) (not taxing one set of expedited transcripts, but taxing another).

The Court finds that the fees RLI incurred to expedite Conley's and Saunders' depositions are recoverable, as expediting the transcripts was necessary in order for RLI to comply with the deadline to file its Reply.   The Court reaches this conclusion because any delay in RLI taking the depositions is mostly attributable to Ashland.   RLI served Ashland with its deposition notices on October 1, 2014.   (Doc. # 48-1 at 3).   Ashland responded by filing a Motion for Protective Order Temporarily Staying Discovery and an Emergency Motion for Stay of Discovery, both of which sought to prevent RLI from taking any depositions.   (Doc.  # 48-1); (Doc. # 53-1: "[C]ounsel for the Hospital contacted California counsel for RLI Insurance Company ("RLI") to request a delay of certain depositions noticed by RLI after the parties had filed cross-motions for summary judgment until the court had the opportunity to rule on the Hospital's motion for protective order.").

The Court temporarily granted Ashland's Emergency Motion for Stay of Discovery (Doc. # 54), which resulted in RLI postponing Conley's deposition (Doc. # 56).   On December 5, 2014, the Court lifted the temporary stay and denied Ashland's Motion for Protective Order.   (Doc. # 57).   Ashland then sought to have the Court reconsider that Order (Doc. # 59), which the Court denied (Doc. # 62).   The depositions were then further delayed to accommodate Ashland's counsel's and the witnesses' schedules. (Doc. # 65-1). RLI finally took Conley's and Saunders' depositions on January 15 and 16, 2015, respectively.   (Doc. # 75).   It was reasonably necessary for RLI to expedite those

11

depositions so that it could review them for use in their Reply brief, which was due on February 18, 2015. Therefore, the costs to expedite are taxable. RLI, however, has made no attempt to justify why it needed to "live note" Sanders' deposition, so the $187.50 incurred for that service will be deducted from its Bill of Costs. *See McKeown*, 2008 WL 2067015, at *2 (E.D. Mich. May 15, 2008) ("Plaintiff does not have to pay for real-time or e-trans.").

### 7. Are the court reporter attendance fees for Travis Sanders' deposition taxable?

The Court's analysis of Ashland's first objection is sufficient to adjudicate Ashland's seventh objection. In making the latter, Ashland merely rehashes the same argument it made in the former: the court reporter fees for Sanders' deposition are not taxable because RLI has not put forth evidence that it was necessary for the case. (Doc. # 85 at 9). The Court having found that Sanders' deposition was reasonably necessary for the case, and there being no bar on taxing court reporter fees, *see Arrambide*, 33 F. App'x at 203, Ashland's seventh objection is overruled.

### 8. Are the fees for deposition exhibits taxable?

Finally, Ashland challenges RLI's attempt to bill $98.40 for exhibits and exhibit scanning, as well as $166.38 for placing unidentified copies onto a CD. (Doc. # 85 at 9-10). It relies on *SCA Hygiene Products Aktiebolag v. First Quality Baby Products, LLC*, No. 1:10CV-00122-JHM, 2013 WL 5934141, at *5 (W.D. Ky. Nov. 5, 2013), wherein the Court held that a deposing party could not recover the cost of copying deposition exhibits since "the deposing party normally provides the exhibits . . . ." RLI responds by citing to *Miles Farm Supply, LLC v. Helena Chemical Co.*, No. 4:06-cv-23-R, 2008 WL 4561574, *4 (W.D.

12

Ky. Oct. 10, 2008), wherein the court did allow a party to tax fees for copying deposition exhibits because "the cost of obtaining one set of discovery documents in a usable format is reasonably necessary to the maintenance of an action and taxable." Thus, like several of the issues above, the Court is faced with conflicting, yet non-binding authority.

Although RLI cites the case in a different section of its brief, the Court is persuaded by the holding in *Dublin Eye Associates, P.C. v. Massachusetts Mut. Life Ins. Co.*, No. CIV.A. 11-128-DCR, 2014 WL 5093363, at *4 (E.D. Ky. Aug. 12, 2014), *report and recommendation adopted in part, rejected in part*, No. CIV.A. 5: 11-128-DCR, 2014 WL 5093306 (E.D. Ky. Oct. 9, 2014). There, the court agreed with the prevailing party's argument that copies of deposition exhibits are taxable because it is a "necessary cost incident" to litigation "to obtain copies of depositions with appropriate copies of the exhibits, suitable for admission into evidence before the Court either at a hearing or upon briefing." *Id.* at *4. Moreover, "authenticated deposition exhibits are necessary for use in summary judgment pleadings, which require support with admissible evidence . . . . and costs incurred for use in summary judgment proceedings are considered 'necessarily obtained' within the meaning of 28 U.S.C. § 1920." *Id.* (quoting *Cowden v. BNSF Ry. Co.*, 991 F. Supp. 2d 1084, 1088 (E.D. Mo. 2014)). Because deposition exhibits are routinely necessary to support summary judgment motions and at times prove useful at trial, the Court agrees that, as a general matter, the cost of copying deposition exhibits is taxable pursuant to §§ 1920(2) and (4).

RLI states that it ordered a copy of the deposition exhibits so that it would be able to maintain them in a usable format for trial. (Doc. # 87 at 6). Additionally, it points out that the court reporter holds on to the copy of the exhibits as part of the official transcript record.

13

(*Id.*).  The Court finds that copying the exhibits was necessary for this case, and further finds that the $98.40 RLI paid for that service is entirely reasonable.  However, like some of the other expenses discussed *supra*, RLI has failed to justify why it needed to pay $166.38 to place copies onto a CD; indeed, RLI does not even explain what exactly it copied onto the CD.  Therefore, that expense will be deduced from its Bill of Costs.

### III.  CONCLUSION

Accordingly, for the reasons stated herein, it is **HEREBY ORDERED** that:

(1)    Ashland's Objections (Doc. # 85) to RLI's Amended Bill of Costs are **overruled in part and sustained in part**.

(2)    The following will be deducted from RLI's Bill of Costs: $107.55 in postage and delivery expenses; $383.63 to capture Sanders' and Saunders' videotaped depositions to MPEG; $187.50 to "live note" Sanders' deposition; and $166.38 to copy files to a CD. RLI's Amended Bill of Costs (Doc. # 84) will therefore be reduced from $7,753.16 to $6,908.10.

(3)    Pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d), **RLI is awarded $6,908.10 in costs** as the prevailing party.

This 26th day of August, 2015.



Signed By:

*David L. Bunning*   DB

United States District Judge